IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULES WILLIAMS, | : | |
| Plaintiff | : | No. 3:23-CV-00130 |
| | : | |
| v. | : | Magistrate Judge Dodge |
| | : | |
| SGT. GIGLIOTTI, | : | Electronically Filed Document |
| Defendant | : | |

## DEFENDANT'S ANSWER TO COMPLAINT

AND NOW, comes Defendant, Sergeant Nicholas Gigiliotti ("Defendant"), by and through his attorneys, Amelia J. Goodrich, Deputy Attorney General, and Karen M. Romano, Chief Deputy Attorney General, Civil Litigation Section, hereby file the following Answer to Plaintiff's Complaint [ECF 8] and in support thereof, aver as follows:

### I. JURISDICTION & VENUE

1. This paragraph contains legal conclusions regarding jurisdiction that require no responsive pleading. To the extent there are facts alleged against the Defendant, such facts are denied and strict proof is demanded.

2. This paragraph contains legal conclusions regarding venue that require no responsive pleading. To the extent there are facts alleged against the Corrections Defendants, such facts are denied and strict proof is demanded.

### II. PARTIES

3. Denied as stated. By way of further response, Plaintiff is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") currently being housed at the State Correctional Institution at Houtzdale ("SCI Houtzdale") which is located at 209 Institution

Drive, Houtzdale, PA 16698. All other factual allegations contained in this paragraph to which a response could be deemed required are denied and strict proof is demanded at trial.

    4. Denied as stated. By way of further response, Defendant, Sergeant Nicholas Gigliotti was at all times relevant to the Complaint employed by the DOC. After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. Therefore, these allegations are denied and strict proof is demanded.

### III.   FACTS

    5.    After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. Therefore, these allegations are denied and strict proof is demanded.

    6.    After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. Therefore, these allegations are denied and strict proof is demanded.

    7.    Denied. Strict proof is demanded at trial.

    8.    Denied. Strict proof is demanded at trial.

    9.    After reasonable investigation, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. Therefore, these allegations are denied and strict proof is demanded.

    10.    Denied. Strict proof is demanded at trial.

    11.    Denied. Strict proof is demanded at trial.

    12.    Denied. Strict proof is demanded at trial.

    13.    Denied. Strict proof is demanded at trial.

14. Denied. Strict proof is demanded at trial.

**IV.     CLAIMS FOR RELIEF**

*Count 1: 8th Amendment (Failure to Protect)*

15. This paragraph contains legal conclusions that require no responsive pleading. To the extent there are facts alleged against the Defendant, such facts are denied and strict proof is demanded.

16. This paragraph contains a statement of incorporation to which no response is required.

*Count 2: Intentional Infliction of Emotional Distress (IIED Claim)*

17. This paragraph contains legal conclusions that require no responsive pleading. To the extent there are facts alleged against the Defendant, such facts are denied and strict proof is demanded.

18. This paragraph contains a statement of incorporation to which no response is required.

*Count 3: False Imprisonment*

19. This paragraph contains legal conclusions that require no responsive pleading. To the extent there are facts alleged against the Defendant, such facts are denied and strict proof is demanded.

20. This paragraph contains a statement of incorporation to which no response is required.

## V.    PRAYER FOR RELIEF

21. This paragraph contains a request for relief that requires no response. To the extent there are facts alleged against the Corrections Defendants, such facts are denied and strict proof is demanded at trial.

22. This paragraph contains a request for relief that requires no response. To the extent there are facts alleged against the Corrections Defendants, such facts are denied and strict proof is demanded at trial.

23. This paragraph contains a request for relief that requires no response. To the extent there are facts alleged against the Corrections Defendants, such facts are denied and strict proof is demanded at trial.

24. This paragraph contains a request for relief that requires no response. To the extent there are facts alleged against the Corrections Defendants, such facts are denied and strict proof is demanded at trial.

25. This paragraph contains a request for relief that requires no response. To the extent there are facts alleged against the Corrections Defendants, such facts are denied and strict proof is demanded at trial.

26. This paragraph contains a request for relief that requires no response. To the extent there are facts alleged against the Corrections Defendants, such facts are denied and strict proof is demanded at trial.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint [ECF 8] fails to state a claim on which relief may be granted.

### Second Affirmative Defense

Corrections Defendants' actions and decisions with respect to Plaintiff were based upon legitimate penological interests, including security concerns and concern for staff safety, and at no time did Corrections Defendants act with deliberate indifference to Plaintiff's health/and or safety.

### Third Affirmative Defense

Plaintiff has failed to exhaust his remedies under the PLRA, 42 U.S.C. § 1997e, or has procedurally defaulted.

### Fourth Affirmative Defense

Corrections Defendants were at all times acting in good faith and in an objectively reasonable manner and did not violate any clearly established federal rights of Plaintiff. Therefore, they are entitled to qualified immunity and/or qualified immunity from civil damages.

### Fifth Affirmative Defense

At no time have Corrections Defendants, either individually or in concert with others, deprived or sought to deprive the Plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

### Sixth Affirmative Defense

Corrections Defendants were acting within the scope of their employment and are therefore entitled to immunity for all state law tort claims.

### Seventh Affirmative Defense

Corrections Defendants are entitled to sovereign immunity under both state and federal law.

### Eighth Affirmative Defense

Plaintiff's injuries or damages, if such injuries or damages occurred, were exclusively caused by circumstances beyond the Corrections Defendants' control, or the supervening acts of third parties over which the Corrections Defendants had no control.

### Ninth Affirmative Defense

To the extent that Plaintiff asserts federal and/or state law claims against the Corrections Defendants in their official capacity, such claims are barred by the immunity afforded to the States under the Eleventh Amendment.

### Tenth Affirmative Defense

The Corrections Defendants reserve any and all defenses set forth at Fed. R.Civ. P. 8(c)(1).

### Eleventh Affirmative Defense

The Corrections Defendants reserve the right to amend this pleading as needed or necessary.

WHEREFORE, the Answering Defendant demands judgment in their favor.

JURY TRIAL DEMANDED.

                    **Respectfully submitted,**

                    **MICHELLE A. HENRY**
                    **Attorney General**

**By:** _/s/ Amelia J. Goodrich_

                    **AMELIA J. GOODRICH**

**Office of Attorney General**    **Deputy Attorney General**
**1251 Waterfront Place**        **Attorney ID 327192**
**Mezzanine Level**
**Pittsburgh, PA 15222**        Karen M. Romano
**412-510-1418**                   Chief Deputy Attorney General

agoodrich@attorneygeneral.gov

**Date: November 20, 2023**

## CERTIFICATE OF SERVICE

I, Amelia J. Goodrich, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on November 20, 2023, I caused to be served a true and correct copy of the foregoing document titled *DEFENDANT'S ANSWER TO COMPLAINT* to the following:

**VIA U.S. MAIL**

**Smart Communications/PADOC**
**Jules Williams, LD-9920**
**SCI Houtzdale**
**PO Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

_____
**AMELIA J. GOODRICH**
Deputy Attorney General